UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-against-

ALEJANDRO JAVIER MARIN,

                   Defendant.

20mj09491

**ORDER CONTINUING APPOINTMENT OF COUNSEL**

**DEBRA FREEMAN, United States Magistrate Judge:**

      On November 13, 2020, defendant Alejandro Javier Marin was initially presented before this Court on a complaint that charged him with three counts of making a false statement to a federal agent, in violation of 18 U.S.C. § 1001(a).  At the presentment, the Court temporarily appointed Kelley J. Sharkey, Esq., from the CJA panel to represent Mr. Marin, but observed that, based on the financial information provided to the Court in Mr. Marin's financial affidavit and statements made by the Government (which objected to the appointment of counsel), it was unclear whether Mr. Marin was, in fact, eligible for court-appointed representation.  The Court therefore directed Ms. Sharkey to provide additional information subsequent to the presentment, to aid the Court in determining whether the temporary appointment should continue.

      Ms. Sharkey provided a letter to the Court on November 12, 2020, in response to its directive.  Having reviewed that letter, the Court finds that, while Mr. Marin appears to have substantial assets, he also appears to be significantly in debt and to have little liquidity in his assets and no cash on hand.  In addition, although, prior to his arrest, Mr. Marin reportedly earned income (as a pilot) at a level above that which would ordinarily qualify a defendant for appointed counsel, the Court has now ordered his pretrial detention and has no indication that his income will continue.  In this regard, while the Government has argued that Mr. Marin could

draw funds from his still-operating family business, which recently obtained a PPE Pandemic loan of approximately $400,000, Ms. Sharkey has represented that, according to Mr. Marin, any profits currently being made by the company are being used to pay off a $1.4 million debt, and the PPE loan was used to pay company employees.

"To qualify for the appointment of counsel, one need not be totally without means. In this context, indigence is a 'relative concept.'" *United States v. Knotts*, 142 F. Supp. 2d 468, 469 (S.D.N.Y. 2001) (quoting *Hardy v. United States*, 375 U.S. 277, 289 n.7 (1964) (Goldberg, J., concurring)). In determining whether a defendant is financially unable to afford counsel, a court generally considers "the economic realities facing the defendant, *i.e.*, the realistic costs of defense and the financial needs of the defendant and his family." *Id.* In this case, it is too early in the proceedings to know with any certainty the realistic costs of defense, but they may well be high, and, while it is possible that Mr. Marin has access to assets beyond that which he has represented to the Court, neither his sworn affidavit nor the statements made on his behalf by counsel reflect that he currently has the funds available to retain counsel. Accordingly, on the present record, this Court is not prepared to deny Mr. Marin's request for appointed counsel, and hereby ORDERS that the appointment of Ms. Sharkey shall continue.

Mr. Marin is cautioned, however, that, at a later stage of these proceedings, it is possible that the Government will move for the reimbursement of attorney's fees expended under the Criminal Justice Act, 18 U.S.C. § 3006A *et seq.*, for his representation, and, should that happen, the burden will be on Mr. Marin to show by a preponderance of the evidence that he has been financially unable to obtain counsel. *See United States v. Bedoya*, No. 89 Cr. 803 (JMC), 1990 WL 194934, at *2 (S.D.N.Y. Nov. 28, 1990) ("it is well established that the burden is on the accused to show by a preponderance of the evidence that he is financially unable to obtain

counsel") (collecting cases).  In addition, this Court directs Ms. Sharkey to inform the Court of any changes to Mr. Marin's financial circumstances of which she becomes aware during the course of his prosecution, to the extent she believes such changes could have a material impact on the Court's determination of Mr. Marin's continued eligibility for appointed counsel.

Dated: New York, New York
       November 18, 2020

                                        SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)